IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-88-BM

JOHN ROBINSON,
        Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,

        Defendant.

**ORDER**

This case, an appeal from a denial of an application for a period of disability and disability insurance benefits, comes before the court on the motion [DE-44] by counsel for plaintiff John Robinson ("plaintiff"), with attachments in support thereof [DE-44-1 to -3], for approval of attorney's fees in the amount of $25,400.00, pursuant to the Social Security Act, 42 U.S.C. § 406(b). Defendant Commissioner of Social Security ("Commissioner") filed a response [DE-45] neither supporting nor opposing the motion.

## **BACKGROUND**

Plaintiff commenced this proceeding for judicial review on March 9, 2022, pursuant to 42 U.S.C. § 405(g). *See* Compl. [DE-5]. In it, plaintiff challenged the final decision of the Commissioner denying his application for a period of disability and disability insurance benefits, on the grounds that he is not disabled. In its March 31, 2023 order [DE-37], the court allowed plaintiff's motion for judgment on the pleadings [DE-20] to remand the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). In response to the remand order, the Commissioner stipulated and did not object to an award of fees to plaintiff's counsel in the amount of $5,400.00 in attorney's fees [DE-41] and plaintiff's counsel was awarded

fees [DE-42] in the amount of $5,400.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

As a result of the remand ordered by the court, plaintiff was awarded past-due benefits. On July 6, 2025, the Commissioner issued notice of award for disability benefits [DE-44-1] in the amount of $187,401.00. Out of this sum, the Commissioner withheld $46,850.00 from plaintiff's award, pending approval of the amount of fees to be paid. [DE-44-1] at 6-7.[1]

## DISCUSSION

**I.     Applicable Legal Standards**

Pursuant to section 406(b), "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). While "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants," it does "call[] for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "[A] reduction in the contingent fee may be appropriate when (1) the fee is out of line with 'the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (quoting *Gisbrecht*, 535 U.S. at 808). Further, the court should

---

[1] All page citations herein are to the page numbers assigned by the court's CM/ECF electronic filing system.

avoid allowing the award of benefits to constitute a "windfall" for the attorney. *Gisbrecht*, 535 U.S. at 808.

To assess whether a fee constitutes a "windfall," "[c]ourts have considered a myriad of factors . . . such as the overall complexity of the case, the experience of the attorney, the risk of loss involved in the representation, the percentage of the past-due benefits the fee constitutes, the value of the case to a claimant, and whether the client consents to the requested fee." *Powell v. Colvin*, No. CV 4:12-02085-MGL, 2017 WL 104133, at *1 (D.S.C. Jan. 11, 2017); *see also Hall v. Saul*, No. 7:16-cv-347-FL, 2020 WL 1429220, at * 2 (E.D.N.C. Mar. 19, 2020) ("Although there is no bright-line test for determining whether a fee will result in a 'windfall,' this court has considered several factors, including '(1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.'" (quoting *Perrigo v. Astrue*, No. 5:08-CV-626-FL, 2012 WL 3903896, at *4 (E.D.N.C. May 22, 2012), *rep. & recomm. adopted*, 2012 WL 3903890 (Sept. 7, 2012))).

II.     Analysis

As indicated, counsel seeks the sum of $25,400.00. This is less than the amount provided for in the fee agreement (*i.e.*, 25% of past due benefits). Fee. Agr. [DE-44-3]. The amount withheld by the Commissioner from plaintiff's award for payment of a lawyer's fee, $46,850.00, is greater than sum requested.

While seeking $25,400.00, plaintiff's counsel correctly acknowledges that of this amount,

3

he must return to plaintiff the $5,400.00 in attorney fees, that has already been awarded under the EAJA. *See Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009) ("[W]hile attorney's fees may be awarded under both the EAJA and § 406(b), the Savings Provision [Act of 5 Aug. 1985, Pub. L. No. 99-80, § 3, 99 Stat. 186] clarifies that the attorney must refund to the claimant the smaller fee."). By not taking a position on the motion, the Commissioner does not make any assertion that the requested amount is, in fact, unreasonable, and the court does not find it to be so.

First, the court finds that the amount requested is not out of line with the results achieved. Nor is the amount of time spent by plaintiff's counsel so small in comparison to the amount of past-due benefits that the fee award requested would provide plaintiff's counsel a windfall. Indeed, counsel achieved a remand of the case, which resulted in a substantial benefit award for plaintiff. Counsel's 20-page memorandum [DE-21] in support of plaintiff's motion for judgment on the pleadings contains a thorough analysis of both the facts and law particular to the issues raised. Further, plaintiff's counsel has not delayed proceedings so as to increase the amount of past-due benefits.

Plaintiff's counsel provides that he expended 28.75 hours on this case through remand. *See* [DE-44-2]. Based upon the amount sought, $25,400.00, and the hours expended, counsel for plaintiff's effective hourly rate for his time is $883.48. Courts in the Fourth Circuit have approved comparable effective hourly rates in similar circumstances. *See Macon v. Berryhill*, No. 7:11-CV-49-FL, 2018 WL 5779507, at *2 (E.D.N.C. Nov. 2, 2018) (approving an effective hourly rate of $1,825.88 and collecting cases with comparable effective hourly rates ranging from $736.83 to $1,433.00).

For the reasons stated, the court finds the requested award of $25,400.00 to be reasonable.

## CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

1. Counsel for plaintiff's motion [DE-44] for approval of attorney's fees is ALLOWED in the full amount requested of $25,400.00.

2. The Commissioner shall release to plaintiff's counsel the amount withheld from plaintiff's past-due benefits.

3. Upon receipt of the § 406(b) fees, plaintiff's counsel shall refund to plaintiff the sum of $5,400.00 in attorney's fees representing the attorney's fees that counsel received pursuant to the EAJA.

This 25th day of September, 2025.

_____
Brian S. Meyers
United States Magistrate Judge